**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management Incorporated, | No. CV-18-02211-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Anjani Komar Singh, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff's Motion to Alter or Amend Judgment (Doc. 46) and has determined that summary disposition is appropriate. The Motion is denied.

The Motion argues that this Court's decision denying enhanced statutory damages under 47 U.S.C. § 605(e)(3)(c)(ii) is in error. The reason proffered is based on a line in the Order wherein the Court analyzed Defendants' use of Facebook to promote an in-restaurant viewing of the 2017 International Indian Film Academy Awards Program. (Doc. 41 at 5.) The Court observed, "[w]hile probative on other issues, the Facebook advertisements say nothing about whether Defendants were aware that their actions violated Plaintiffs' exclusive distribution rights." From this statement, the Motion extrapolates that the Court imposed a knowledge requirement for enhanced damages.

The Motion's argument misses something rather important. Section 605(e)(3)(c)(ii) provides, in full:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in

> its discretion may increase the award of damages, whether
> actual or statutory, by an amount of not more than $100,000
> for each violation of subsection (a).

A critical part of the statute is that it permits the Court to impose enhanced damages "in its discretion." In exercising its discretion in this case, the Court has decided that enhanced damages are not appropriate. While the evidence presented by Plaintiff on summary judgment was enough to establish liability and statutory damages, the Court found it insufficient to justify a further award under § 605(e)(3)(c)(ii).

After reading the Motion, the Court is left with the impression that Plaintiff considers aggressive litigation and resulting damage awards under 47 U.S.C. § 605 as a profit center for its business. To the extent that observation is correct, the Court rejects it. Given the facts of this case, the Court believes that the damages award previously entered fairly compensates Plaintiff for the violation and furthers the policy objective set by Congress.

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion to Alter or Amend Judgment (Doc. 46).

Dated this 3rd day of June, 2020.

Michael T. Liburdi
United States District Judge