WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Sports Management Incorporated, | No. CV-18-02211-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Anjani Komar Singh, et al., | |
| Defendants. | |

Plaintiff has filed a motion for an award of costs and attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and this district's local rules. *See* LRCiv. 54.2(c). The Court will grant the motion in part and deny it in part.

**I.     LEGAL STANDARD**

A party seeking an award of attorneys' fees must show they are (1) eligible for a fee award; (2) entitled to a fee award; and (3) requesting a reasonable fee amount. LRCiv. 54.2(c)(1)–(3). Here, Plaintiff prevailed on its 47 U.S.C. § 605 claim for relief. (Doc. 41). That statute directs courts to award "the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff is thus entitled to and eligible for "reasonable" attorneys' fees. *See id.*; LRCiv. 54.2(c).

Federal courts generally use the "lodestar" method to determine if an attorney's fee award request is reasonable. *See G&G Closed Circuit Events LLC v. Espinoza*, 2020 WL 1703630, *1 (D. Ariz. Apr. 8, 2020); *Gonzalez v. City of*

*Maywood*, 729 F.3d 1196, 1201 (9th Cir. 2013). First, the Court must determine the initial lodestar figure by multiplying a reasonable hourly rate by the number of hours reasonably spent on the litigation. *Id.*; *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Then, the Court may modify the lodestar figure "upward or downward based on a variety of factors." *Gonzalez*, 729 F.3d at 1202 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)); *see also* LRCiv. 54.2(c)(3)(A)–(M) (listing thirteen factors that may influence the reasonableness of the requested fee award).

The fee award applicant bears the burden of producing both (i) detailed time records to establish that the number of compensable hours requested is reasonable, and (ii) "satisfactory evidence" that the requested hourly rate comports with prevailing market rates for attorneys in the forum district with similar skill, experience, and reputation. *Gonzalez*, 729 F.3d at 1202–06; *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court may reduce the number of hours claimed by the fee applicant if "the documentation of hours is inadequate, or if the hours expended are excessive and unnecessary." *J&J Sports Productions, Inc. v. Marini*, 2018 WL 2155710, *1 (E.D. Cal. May 10, 2018); *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

## II.     DISCUSSION

Plaintiff's Counsel seeks attorneys' fees in the amount of $14,558.80. (Doc. 43). This figure includes: 8.25 hours at $550.00 per hour for Plaintiff's Counsel; 26.5 hours per $300.00 per hour for his research attorney; and 18.83 hours per $110.00 an hour for his administrative assistant. *Id.* Plaintiff's Counsel states that his firm "specializes in the civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major televised sporting events and has done so since December 1994." (Declaration of Thomas P. Riley ("Riley Decl."), Doc. 43-2 at ¶ 6). No substantive information is supplied regarding the research attorney or the administrative assistant. *Id.*

At the outset, the Court will recognize some guiding principles in determining the

reasonableness of the fee award requested. Given Plaintiff's Counsel's experience with similar 47 U.S.C. § 605 cases, this body of work would not be considered complicated. He is working within a closed universe of caselaw and arguments of this type are not typically novel. The use of administrative assistants for clerical and/or duplicative work will not be included in the lodestar figure. *Marini*, 2018 WL 2155710, at *2. Compensation for use of boilerplate and form documents are subject to reduction. *See Espinoza*, 2020 WL 1703630, at *2–3 (D. Ariz. Apr. 8, 2020).

### A. Hourly Rates

Determination of a reasonable hourly rate is required for the lodestar figure calculation. *See Gonzalez*, 729 F.3d at 1201. The reasonableness of an hourly rate depends on "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Secretary of Health & Human Services.*, 73 F.3d 895, 908 (9th Cir. 1995) (quoting *Chalmers*, 769 F.2d at 1210–11. "The 'relevant community' for the purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds." *Marini*, 2018 WL 2155710, at *1; *see also Gonzalez*, 729 F.3d at 1205. Here, the claimed hourly rate must be compared against attorneys practicing in the Phoenix Division for the District of Arizona.

Plaintiff's Counsel depends on the "Laffey matrix" and his own declaration to establish the reasonableness of his hourly rate. (Riley Decl. ¶¶ 9–12). While the Laffey Matrix sets forth the prevailing market rates for attorneys and paralegals/law clerks practicing in the District of Columbia, the Court is not convinced that it is appropriate here. The matrix's relevance in determining reasonable rates outside of the District of Columbia has been previously questioned. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("[J]ust because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere…"); *J&J Sports Productions, Inc. v. Duong*, 2014 WL 1478498, *3 (N.D. Cal. Apr. 14, 2014). Courts in this jurisdiction and elsewhere have declined to accept

Plaintiff's Counsel's explanation as reliable evidence of the reasonableness of his rates. *See, e.g.*, *Espinoza*, 2020 WL 1703630, at *3; *J&J Sports Productions Incorporated v. Patel*, 2018 WL 1609731, *4 (D. Ariz. Apr. 3, 2018); *Duong*, 2014 WL 1478498, at *3–4; *Joe Hand Promotions, Inc. v. Albright*, 2013 WL 4094403, *2 (E.D. Cal. Aug. 13, 2013). Accordingly, Plaintiff's Counsel has not met his required burden of providing "satisfactory evidence" that the requested hourly rates are reasonable as applied to the Phoenix legal market. *See Gonzalez*, 729 F.3d at 1202–06.

The Court must thus independently determine the reasonable hourly rate component of the lodestar figure. Based on relevant caselaw and market rates in this district for similar legal work, the Court will reduce Plaintiff's Counsel's rate to $350 per hour. *See Espinoza*, 2020 WL 1703630, at *3; *Patel*, 2018 WL 1609731, at *4 (citing to cases finding a $300-$350 per hour rate reasonable for attorneys with similar experience as Plaintiff's Counsel); *Marini*, 2018 WL 2155710, at *2.

Questions regarding the experience and identity of Plaintiff's research attorney have been raised in the past. *See, e.g.*, *Espinoza*, 2020 WL 1703630, at *4. Despite previous courts raising this issue, Plaintiff's Counsel in this fee application did not provide much relevant information about the research attorney. (Riley Decl. ¶ 5 (describing only that the research attorney's experience includes practicing law for over twenty-five years, ten of which include assisting Plaintiff's Counsel with commercial signal piracy claims)). Without having a clear baseline from which to determine fee reasonableness (such as a curriculum vitae), the Court will reduce the research attorney's rates to $150 per hour to be consistent with rates previously determined reasonable in this district and others. *See Espinoza*, 2020 WL 1703630, at *4; *Patel*, 2018 WL 1609731, at *4. The Court declines to determine the reasonableness of the administrative assistant's hourly rates, as the Court will not award any fees for the clerical tasks completed by the administrative assistant, as discussed below.

**B.     Compensable Hours**

The lodestar figure requires the determination of a reasonable number of

compensable hours. *See Gonzalez*, 729 F.3d at 1201. The Court must thus review the billing records submitted by the requesting party and "exclude those hours for which it would be unreasonable to compensate." *Id.* at 1203. Defendants argue that many of the hours expended on this matter were excessive due to non-contemporaneous record keeping, non-compensable clerical work and duplicative billing, boilerplate filings, and disproportionality to the awarded damages. (Doc. 45). After a close review of the billing record submitted by Plaintiff (Doc. 43-2), the Court agrees with Defendants on multiple points and accordingly reduces certain hours billed by Plaintiff's Counsel and the research attorney.

### i. Non-Contemporaneous Billing Records

In support of its fee request, Plaintiff submits a chart detailing the time entries "For Services Rendered from 7/26/18[*] through 05/11/20" and a supporting declaration by Plaintiff's Counsel. (Doc. 43-2). The submitted billing records were not based on contemporaneous timekeeping. (Riley Decl. ¶ 13 ("Billable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves. Having handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered.")). As a matter of best practice, contemporaneous timekeeping is the most reliable method, as it prevents overbilling clients and unwarranted fee-shifting requests. Other courts have addressed this. *See, e.g.*, *Duong*, 2014 WL 1478498, at *3 (requiring additional documentation supporting the fee award request based in part on the lack of contemporaneous time records); *J&J Sports Productions, Inc. v. Napuri*, 2013 WL 4428573, *2 (N.D. Cal. Aug. 15, 2013) ("Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff."). The Court will use its own experience and discretion to determine the reasonableness of each time entry and adjust accordingly.

### ii. Clerical and Duplicated Tasks

---

[*] While this is the title provided by Plaintiff for the chart, there are time entries listed for 07/26/17.

- 5 -

Plaintiff's fee request includes certain billing entries for seemingly clerical tasks completed by both Plaintiff's Counsel and his administrative assistant. (*See, e.g.*, the 8/15/18 nearly identical time entries listing "Review and Filing of Executed Summons" by the administrative assistant and "Review of Executed Summons" by Plaintiff's Counsel for each Defendant in this action). (Doc. 43-2). Past courts have declined to include similar clerical billing in the lodestar figure. *See Espinoza*, 2018 WL 6445883, at *2; *Albright*, 2013 WL 4094403, at *3. A reasonable fee award can include compensation for non-attorney individuals if their "labor contributes to work product." *Espinoza*, 2018 WL 1703630, at *2 (quoting *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)). The requesting party must also provide evidence that it is custom in the "relevant market" to bill for non-attorney work. *Espinoza,* 2018 WL 6445883, at *2. Otherwise, it is typically assumed that clerical, duplicated work is subsumed into firm overhead. *See id.*; *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Plaintiff's Counsel does not provide evidence or explanation that it is custom in this district to bill for administrative assistant work. Accordingly, the Court will exclude any hours billed for his administrative assistant's work from the lodestar figure.

The fee request also includes multiple de minimis six-minute time-entry narratives for docket review and Court communications. (*See, e.g.*, the 0.10 time entry on 10/31/18 of Plaintiff's Counsel's "review of the Court's Minute Order re: Reassignment of Case") (Doc. 43-2). Other courts have found such entries as clerical in nature. *Espinoza*, 2018 WL 1703630, at *3; *G&G Closed Circuit Events LLC v. Aguilar*, 2018 WL 6445883, at *2. The Court likewise declines to include these time entries in the lodestar figure, thereby reducing the hours billed for docket review and Court communications to 0.6 hours.

Similarly, the Court finds that Counsel's review and execution of his Motion for Admission *Pro Hac Vice*, as well as his review of the Court's Order Granting Plaintiff's Counsel Motion for Admission *Pro Hac Vice* clerical in nature and will exclude that time from the lodestar figure. *See Nadarajah*, 569 F.3d at 921.

### iii. Boilerplate Documents

Plaintiff's Counsel has filed hundreds of actions similar to the current matter. A court may find a fee request excessive when the action is routine or substantially like prior actions brought forth by the same attorney. *See Patel*, 2018 WL 1609731, at *7; *Albright,* 2013 WL 4094403, at *4. Plaintiff's Counsel has a reputation for using boilerplate pleadings and form motions. *See, e.g.*, *Patel*, 2018 WL 1609731, at *7. As Judge Teilborg noted in an April 8, 2020 Order, "[t]he Court is constrained to review Mr. Riley's bill with something of a jaundiced eye because of his well-known use of boilerplate pleadings and form motions in the many hundreds of actions similar to this one that he maintains across the country." *Espinoza*, 2020 WL 1703630, at *2. This Court will take the same approach. In the current matter, the Court will reduce the 5.1 hours billed for boilerplate and/or excessive items by 2.0 hours, for a total of 3.1 hours.

Most of the remaining undiscussed requested fees are hours billed by the unidentified research attorney. Although the corresponding time entries identify the documents prepared by the research attorney, they fail to "adequately describe the services rendered so that the reasonableness of the charge can be evaluated." LRCiv. 54.2(e)(2). Time entries related to the preparation of pleadings or other papers "must identify the pleading, paper or other document prepared and the activities associated with its preparation." LRCiv. 54.2(e)(2)(C). If the time entry fails to do so, the court may reduce the fee award requested. LRCiv. 54.2(e)(2).

Because the timekeeping records do not adequately describe the services performed by the research attorney, as required by LRCiv. 54.2(e)(2), the Court is unable to evaluate the reasonableness of the time expended. Accordingly, this work will be considered boilerplate and the requested fees will be reduced. For example, Plaintiff's Motion for Summary Judgment is nearly identical in all substantive regards to prior summary judgment motions filed by Plaintiff's Counsel. *Compare* Doc. 35 *with e.g.*, *Innovative Sports Management, Inc. v. Hunt*, 4:19-cv-00152-RCC, Plaintiff's Brief in Support of Motion for Summary Judgment, Doc. 28-1 (D. Ariz. Dec. 2, 2019). The

research attorney's requested fees have been reduced in the past for this practice. *See, e.g.*, *Patel*, 2018 WL 1609731, at *7. This time entry will be reduced from 8.0 hours to 1.5 hours. The 4.0 hours billed for review of discovery and disclosures in anticipation of Plaintiff's Motion for Summary Judgment will also be reduced to 2.0 hours, as it seems unreasonable given the motion's form nature. Plaintiff's Motion for Attorneys' Fees and Costs is also boilerplate and the research attorney's entry of 0.5 hours will be reduced to 0.25 hours.

Likewise, the Court does not find the 8.0 hours expended on Plaintiff's Reply in Support of Motion for Summary Judgment, or the 3.0 hours reviewing Defendant's Opposition to Plaintiff's Motion for Summary Judgment, as reasonable and will also reduce the time entries to 1.5 hours each. Similarly, the 3.0 hours billed to review Flipps Media and Fite TV's short and straightforward terms of use agreement appears unreasonable to the Court. (Doc. 43-2; Doc. 35-2, Exhibit 10). The Court accordingly reduces the billed amount to 1.0 hours.

### C.   Lodestar Determination

After eliminating clerical, duplicative, unsupported, and excessive charges, the Court finds that the reasonable fee award in this case to be $2,457.50. This amount corresponds to following lodestar figure calculation:

| | | |
|---|---|---|
| Thomas P. Riley (3.7 x 350) | = | $1,295.00 |
| Research Attorney (7.75 x 150) | = | $1,162.50 |
| TOTAL | = | $2,457.50 |

While the Court reserves the right to adjust the lodestar figure upwards or downwards based upon a variety of factors, *see, e.g.*, *Gonzalez*, 729 F.3d at 1202, it declines to do so here. This fee award is reasonable in proportion to the damages awarded to Plaintiff under the 47 U.S.C. § 605 claim.

### D.   Nontaxable Costs

In addition to an attorneys' fee award, Plaintiff also seeks an award of nontaxable costs for investigative expenses in the amount of $650.00 pursuant

to 47 U.S.C. § 605(e)(3)(B)(iii). (Doc. 43).

To recover nontaxable investigator costs, the requesting party has the burden to show "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." *Espinoza*, 2020 WL 1703630, at *4. The only evidence Plaintiff offers is a declaration statement that in Plaintiff's Counsel's opinion, "the fee for the auditor's investigation in this case is a reasonable fee." (Riley Decl. ¶ 15). Plaintiff has not met the burden required to recover nontaxable investigator costs, and, for this reason, the Court declines to award them.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Costs and Attorneys' Fees (Doc. 43) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded $2,457.50 in attorneys' fees and the motion is denied in all other respects.

Dated this 1st day of July, 2020.

Michael T. Liburdi
United States District Judge